Ruppjsr, Judge
 

 The arguments at the bar took a wide range, embracing a discussion of almost the whole .jurisdiction of this court, under the head of nuisance. It is not intended to notice all the points of controversy; because the court is under no necessity of laying down, any general principles for the decision of this case. It stands on very special circumstances, found upon issues requested by the parties.
 

 It is admitted, that for the ordinary damage to the plaintiff ’s land by flooding it, there is a remedy by action; and that it is an adequate remedy. On that score then, the interposition of this court is not asked.
 

 
 *40
 
 • Where the lúg'ht affected is clear, or the injury irreparable, injunctions are granted against' private nuisances, originating in establishments for persona! gratification or private profit only.
 

 But private right must, upon adequate corn-pens, tion, yield to public convenience; & courts of equity will not interfere by injunction, where tliepublic benefits resulting from such an establishment exceed the private inconvenience.
 

 But it is said, that the injury to the plaintiff's health and that of Ms family is one, which cannot he ascertained at
 
 law;
 
 much less, adequately compensated ; and that a jiist apprehension of it forms a proper case for the preventive justice of equity, by injunction.
 

 It may he so, where the nuisance, thus operating upon an individual, arises from an" establishment made fdr personal gratification, or mere private profit It is certain, that equity does, in some instances, restrain mere private nuisances. But it is equally certain that it is not forward to do so, unless they interfere with a clear right long previously enjoyed ; or will be followed by irreparable mischief, which makes immediate action a duty founded on imperious necessity. These are general doctrines. And the destruction of health might well be considered a case of irreparable mischief, in a case where private emolument alone is looked to on the other side. But our views'cannot be thus limited in the case before us. Mills arc necessary public conveniences; and water spills the ordinary and almost the universal kind in this state. It is á maxim, that private right must yield to public convenience, upon adequate compensation,' Without adverting to the variety of subjects to which courts have applied it, itis sufficient for the occasion to remark, that the legislature hath by divers statutes extended it to mills. In a modern act, it lias been carried to the unusual extent of taking away the common law action, until the
 
 quantum,
 
 of dam age has been ascertained, by a peculiar method, to be more than
 
 •£
 
 10 annually. If less, it amounts to a compulsory lease, for five years. It may be, that the damages of the plaintiff will be less than the sum specified in the act. It would
 
 be
 
 strange, if this court were to. prohibit the erection of a mill, for which, if erected, the party, by positive enactment of the legislature, can have no action at common law. If the plaintiff rely on the magnitude of the injury, he ought to have put it to the jury to assess the probable amount, or at least to have made proof, to rebut an inference fairly deducible from the verdict. The jury have found, that the mill will be a convenience to the neighborhood.
 
 *41
 
 and of public utility; and that tlie health of the neighborhood will not Be injured- but that of the plaintiff’s
 
 '
 
 ■* family will — tho’ to what extent or what probable extent, it is not said. The argument is, that this is sufficient ; for it is impossible for a jury to say, which fever is caused by the pond, or by the general insalubrity of the climate ; and that though the lower part of the state be unwholesome, yet the pestilence ought not to be aggravated by artificial causes. True; that is, from wantonness or for mere gain’s sake; which would be wicked gain indeed. But where a general convenience is involved, it constitutes a preponderating consideration, unless in itself it also produce a general mischief, or no compensation is awarded for tho invasion ofprivate right. Compensation is in this case amply provided for by the inquisition of a jury upon the amount of damages.. The general mischief consists in corrupting the atmosphere, so as to affect the general health of the neighborhood. If it extend only to one family, it cannot, as a general rule, he held a nuisance, under this head, to be redressed by abatement or injunction. Á case may arise, as supposed at the bar, of the pond of an insignificant mill, throwing off vapours destructive to the healthfulness of a large landed estate; a case, in which between the public convenience and private suffering there is no kind of comparison; wherein the court would act. But the circumstances must he specially shown. None such appear here. There is nothing in this case but the interest ofa single individual, to weigh against public utility. This will not suffice. Wc must take notice, that in this climate a less injury than that can hardly ho expected from any mill. Wc , , , , múst.take notice, that the legislature was as much aware of that fact as wo are; ami yet that they have encouraged the building of mills by restraining
 
 meces-
 
 sivc actions for tlie private, injury, and also authorized the County Courts to order the building on the lands of another, unless the mill would “ create á nuisance
 
 to the neighborhood(Jlctofl777, Rev. c.
 
 122.) This is ah exposition ofa principle from the source of the law, which ihe court must respect.
 

 „Th?- erection. of nulls where they are not nui-^uhorize^b8, law, a court of tion of one, sim. añfectstheTeaith of one family,
 

 
 *42
 
 It might he material too, that the plaintiff, and those-under whom he claims, submitted for forty years to this grievance; that he bought liis land in ¡795, while it subsisted, and allowed its continuance for five and twenty-years. That is indeed no positive bar to a remedy ; but it is a powerful reason, why this court should leave him to his legal remedy. He and the. defendant must both have calculated the value and the incouvenicnce of the mill, and its attendant consequences, when they made thei r punch ases.
 

 But the stress of the ease lies in the other circumstances. Less harm cannot follow the building of a mill in the alluvial region of the State, than the rendering of one plantation less salubrious. To perpetuate this injunction, would be to issue one against the erection of another mill below the falls in our rivers.
 

 The cases heretofore in this court arc entirely distinguishable. Attorn
 
 ey-Gen.
 
 v.
 
 Blount, and Attorney-Gen.
 
 v.
 
 Hunter,
 
 were founded on facts diametrically' opposite to the present. There the
 
 health of towns
 
 was put in jeopardy'.
 
 Crudup
 
 v. Carpenter
 
 *
 
 turned materially on the contract, and the extent of damage, ascertained by the verdicts at law, in comparison with the value of the mill property. Upon neither of those principles, nor any other compatible with legislative policy . or chancery-precedents, can this bill be sustained. It must therefore be dismissed with costs.
 

 Per Curiam. — Bum dismissed-).
 

 *
 

 This case was not reported, as it was- decided solely upon the spo, cial terms of an agreement.